UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN IRWIN, | ) CIVIL ACTION NO.: |
| | ) |
| Plaintiff | ) JUDGE: |
| | ) |
| versus. | ) |
| | ) MAGISTRATE: |
| ALTAQUIP, LLC AND THE SCOTT FETZER COMPANY | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant | ) |

## COMPLAINT

1. NOW INTO COURT through undersigned counsel comes Plaintiff, Jonathan Irwin who asserts claims against his former employers Altaquip, LLC and The Scott Fetzer Company arising out of their retaliation and termination of him in direct violation of Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e et seq. and the Americans with Disabilities Act.

### JURISDICTION AND VENUE

2. Plaintiff brings this action against Defendants to redress the deprivation of his rights secured by Title VII of the Civil Rights Act and the Americans with Disabilities Act of 1990 and thus jurisdiction is proper under 28 U.S.C. §1331.

1

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred

## PARTIES

4. Plaintiff is a person of the age of majority and a citizen of the State of Louisiana. During all times relevant, Plaintiff was employed by Defendant at one or more local locations of business owned and operated by Defendant.

5. Defendant Altaquip, LLC is a foreign corporation doing business in the State of Louisiana, Parish of Tangipahoa.

6. Defendant The Scott Fetzer Company is a foreign corporation, doing business in the State of Louisiana, Parish of Tangipahoa in affiliation with Altaquip, LLC. The Scott Fetzer Company's Human Resources Department was directly involved in addressing Plaintiff's complaints.

## FACTUAL BACKGROUND

7. Plaintiff worked for Defendants from August 2018 to September 2019 at Altaquip's Hammond, Louisiana location.

8. He was promoted to the position of Service Center Manager in October 2018, and he worked for Defendants without incident until March 2019.

9. In March of 2019, Plaintiff's female assistant complained of sexual harassment by the Area General Manager for the location.

10. This harassment ultimately led to her being forced to resign and filing a charge with the Equal Employment Opportunity Commission ("EEOC").

11. Plaintiff also reported the Area General Manager's inappropriate and unlawful behavior toward his assistant to Defendants in or around April of 2019.

12. In response, Defendant Altaquip removed the offending Area General Manager from the location and assigned a new Area General Manager to the Hammond location.

13. However, immediately upon his assignment, the new Area General Manager advised Plaintiff that he was aware that Plaintiff had reported his predecessor's unlawful conduct toward his assistant and supported her claim of sexual harassment and made it clear that he (the new Area General Manager) was not happy that Plaintiff was in support of his assistant's claim.

14. Thereafter, the new Area General Manager began to baselessly criticize Plaintiff's work, despite the fact that Plaintiff consistently made his designated goals and metrics.

15. Plaintiff is a veteran and has PTSD and physical limitations due to his time in the service, facts known to Defendants' management.

16. Specifically, Plaintiff has a difficult time climbing up stairs.

17. Prior to April 2019, this was not an issue and Plaintiff's need to avoid stairs was readily accommodated and he was able to perform the essential functions of his job with this accommodation.

18. However, after Plaintiff reported the old Area General Manager, Defendant Altaquip's management began to harass him regarding his disability and forced him to exceed his physical limitations by requiring him to navigate the stairs.

19. In addition, Defendant Altaquip attempted to provoke Plaintiff in an effort to cause a flare up of his PTSD condition.

20. Plaintiff complained to senior officials at both Defendant The Scott Fetzer Company and Defendant Altaquip regarding this harassment and retaliation.

21. Defendant Altaquip simply disregarded Plaintiff's complaints.

22. Despite the fact that Human Resources at The Scott Fetzer Company were directly involved in responding to Plaintiff's claims, no action was taken to stop the harassment of and retaliation against Plaintiff.

23. Accordingly, based on this clear harassment and retaliation, Plaintiff contacted the EEOC's field office to file a charge against Defendants.

24. This information was communicated to Defendants management.

25. The day after Plaintiff went to the EEOC's office, Defendants terminated Plaintiff for reasons that were false, pretextual and without merit.

**COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1963, 42 U.S.C. § 2000E *ET SEQ.***

26. Plaintiff asserts every paragraph above as if re-asserted in their entirety herein.

27. Defendants' harassment, retaliation and ultimate termination of Plaintiff was solely because he supported the claims of sexual harassment brought by his assistant.

28. Such actions are a blatant violation of Title VII of the Civil Rights Act of 1963.

## COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

29. Plaintiff asserts every paragraph above as if re-asserted in their entirety herein.

30. Plaintiff advised Defendants that he has a physical disability in the form of a limited ability to climb stairs and that he also suffered from PTSD from his time serving his country in the armed forces.

31. With reasonable accommodation, Plaintiff was able to perform the essential functions of his job.

32. In an effort to harass, intimidate and retaliate against him for supporting his assistant's claim of sexual harassment, Defendants specifically targeted and harassed Plaintiff due to his disabilities.

33. In addition, Defendants withdrew the reasonable accommodation that had made for Plaintiff's physical disability by requiring him to frequently navigate the staircase to the second floor, when such had not been and was not necessary for him to perfume his job prior to his supporting his assistant's claim.

34. Such actions are directly in violation of the Americans with Disabilities Act.

## ADMINISTRATIVE REMEDIES

35. The Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

Commission ("EEOC") with regard to the claims within 180 days of the acts of discrimination of which he now complains.

36. The Plaintiff received a Notice of Right to Sue letter from the EEOC, within 90 days of filing this Complaint.

37. All conditions precedent to the institution of this lawsuit have been fulfilled.

## JURY DEMAND

38. Plaintiff demands trial by jury of all issues, claims, and defenses in this action that are triable as of right by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Jonathan Irwin, respectfully requests that this Court enter a judgment in favor of Plaintiff, and against Defendants, Altaquip, LLC and The Scott Fetzer Company, and award damages for compensatory damages; for loss of earnings, for exemplary damages; punitive damages; liquidated damages, past, present, and future lost wages and/or loss of earning capacity and/or employability; statutorily-dictated one year's wages, attorney's fees and costs; and all other appropriate relief as may be just and proper.

Respectfully Submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170

                                          T: (504) 599-5953
                                          F:  (888) 988-6499
                                          E: jjackson@jackson-law.net
                                                 mjackson@jackson-law.net
                                          Attorneys for Plaintiffs

**Please Serve**:

**Altaquip, LLC**
Through its registered agent:
Corporate Creations Network, Inc.
1070-B West Causeway Approach
Mandeville, LA 70471

**The Scott Fetzer Company**
Through its registered agent:
Corporate Creations Network, Inc.
119 E. Court Street
Cincinnati, OH 45202

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record via the Court's Electronic Filing System.

This 27th day of May, 2011.

/s/ J. Forester Jackson
J. Forester Jackson
